**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

42715
Morton & Craig LLC
John R. Morton, Jr., Esq.
110 Marter Avenue
Suite 301
Moorestown, NJ 08057
856-866-0100
Attorney for Credit Acceptance Corporation

In Re:

CARLA GREGG

Order Filed on October 12, 2016
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case No.: 15-19475(KCF)

Adv. No.:

Hearing Date: 9-14-16

Judge: KCF

# ORDER FOR MONTHLY PAYMENTS AND STAY RELIEF UNDER CERTAIN CIRCUMSTANCES

The relief set forth on the following pages, numbered two (2) is hereby **ORDERED**.

**DATED: October 12, 2016**

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

**Carla R. Gregg**
**15-19475(KCF)**
**Order Providing for Monthly Payments for Stay Relief under Certain Circumstances**
**Page 2**

This matter having been brought on before this Court on motion for stay relief filed by John R. Morton, Jr., Esq., attorney for Credit Acceptance Corporation, with the appearance of Thomas Orr, Esq. on behalf of the debtor, and this order having been filed with the Court and served upon the debtor and her attorney under the seven day rule with no objections having been received as to the form or entry of the order, and for good cause shown;

IT IS ORDERED:

1. That Credit Acceptance Corporation is the holder of a first purchase money security interest encumbering a 2008 Jeep Liberty bearing vehicle identification number 1J8GN28K28W253758 (hereinafter the "vehicle").

2. **Curing Arrears:** At the hearing the debtor was $1856.04 in arrears to Santander. To cure arrears, the debtor shall make cure payments to Credit Acceptance of $696.29 a month for 6 consecutive months, beginning 9-21-16. If the debtor fails to make any cure payment to Credit Acceptance for a period of 15 days after it falls due (being the 21st day of each month), Credit Acceptance Corporation shall receive stay relief to repossess and sell the vehicle by filing a certification of nonpayment and serving it upon the debtor and her attorney.

3. After curing arrears, the debtor shall make all retail installment contract payments to Credit Acceptance Corporation when due, being the 21st day of each month. In the event the debtor fails to make any payment for a period of 30 days after it falls due, Credit Acceptance Corporation shall receive stay relief to repossess and sell the vehicle by filing a certification of nonpayment and serving it upon the debtor and her attorney.

4. The debtor shall maintain insurance on the vehicle in accordance with the terms of the retail installment contract. In the event of a lapse of insurance for any period of time without intervening coverage, Credit Acceptance Corporation shall receive stay relief to repossess and sell the vehicle by filing a certification that insurance has lapsed with the court and serving it upon the debtor and her attorney.

5. The debtor shall pay to Credit Acceptance Corporation through the plan, a counsel fee of $526 which shall be paid by the trustee as an administrative priority expense.